```
                  UNITED STATES DISTRICT COURT
                  MIDDLE DISTRICT OF TENNESSEE
                         AT NASHVILLE
```

RANETTA MARSHELL PHILLIPS,      )
                                )
        Plaintiff                )
                                )       No. 3:17-1026
v.                              )       Judge Trauger/Brown
                                )
UNITED STATES DEPARTMENT        )
OF EDUCATION, *et al.*,         )
                                )
        Defendants              )

**TO:   THE HONORABLE ALETA A. TRAUGER**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge recommends that the pending motions to dismiss for failure to state a claim by the Defendants ConServe and the University of Phoenix (Docket Entries 7[1] and 8) be granted and the claims against these two Defendants be dismissed with prejudice and that any appeal therefrom not be certified as taken in good faith.

### BACKGROUND

The Plaintiff filed her complaint *in forma pauperis* on July 11, 2017 (Docket Entries 1 and 2). The matter was referred to me for case management and for a report and recommendation as to any dispositive matters (Docket Entry 4).

The complaint is rather brief. In paragraph 1 the Plaintiff states that the grounds for filing the case in federal court are:

---

[1]Although the motion is docketed as a motion to dismiss for lack of jurisdiction the motion also seeks dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

> I'm filing this case because I didn't take out these student loans in 2011. I did not attend the University of Phoenix. But now my Social Security income is being offset for the repayment of the loans, plus interest and fees. Not only is this unlawful, it's causing me and my family a lot of stress and hardship.
>
> The claim itself is stated as:
>
> On or around December 18, 2011 somebody used my name and social security number to obtain 2 different student loans in my name. The Department of Education sent this money to University of Phoenix. One loan was for $3,985 and the other loan was for $4,155. These loans were then consolidated and sent to ConServe, which is a collection agency. These loans have since accrued interest and fees, and now ConServe is offsetting my social security benefits for more than $13,000. I did not apply for the loans. I did not attend the University of Phoenix. And I want the Department of Education to compensate me for all my pain and suffering as well as wages.

After these motions were filed on September 6. 2017, the undersigned addressed some deficiencies in service on the Department of Education and noted that the Defendants had filed motions to dismiss and directed the Plaintiff to respond to the motions by October 6, 2017, with either an amended complaint or reasons why the current complaint was sufficient (Docket Entry 11). As of the date of this report and recommendation the Plaintiff has neither filed an amended complaint or a response to the motions to dismiss.

## LEGAL DISCUSSION

In the initial review of the complaint (Docket Entry 4) the District Court found that although the Plaintiff did not identify the legal basis for her claims, construing the complaint liberally, the Court found that it may state a claim against the

2

Defendants under Fair Debt Collections Process Act, 15 U.S.C. § 1692e (FDCPA), *et seq*.

In their motion and memorandum (Docket Entry 7 and 7-1) ConServe notes that the Plaintiff did not seek any specific relief against ConServe. ConServe argues the Court lacks jurisdiction because the Plaintiff has failed to identify a specific basis for the Court's jurisdiction and the case is therefore subject to dismissal under Federal Rule of Civil Procedure 12(b)(1). The Magistrate Judge will reject this argument since the District Judge noted in the initial review, after giving the Plaintiff the benefit of the doubt, that the Plaintiff had alleged the complaint under 18 U.S.C. § 1692e of the FDCPA. It appears, therefore, that the Court would have jurisdiction to hear the case since the Plaintiff has alleged a federal violation. The Plaintiff does allege that ConServe is a collection agency and that ConServe is offsetting her Social Security benefits. This appears to at least minimally trigger federal jurisdiction.

Turning to the second part of the motion to dismiss, the Magistrate Judge agrees that now that it has been challenged, the complaint fails to state a cause of action in accordance with Federal Rule of Civil Procedure 12(b)(6). To survive, a motion to dismiss "A complaint must contain sufficient factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). As they

point out in their brief a claim which merely states a legal conclusion is insufficient. Factual allegations must be sufficient to rise to a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

The complaint gives no specific information as to what ConServe is doing factually except to state that ConServe is offsetting the Plaintiff's Social Security benefits. However, as the Defendant notes, any offset would be done by the Department of Education and that Plaintiff does seek relief from the Department of Education. The Plaintiff does not provide any information as to what ConServe sent to her that was knowingly false or misleading. There is no factual allegation that the Plaintiff contacted ConServe and notified them that she was not the individual that took out the loan in December 2011.

When a motion to dismiss is filed a plaintiff is given time under Rule 15 to amend the complaint to cure defects. In this case, the Plaintiff was specifically advised of her ability to amend the complaint, but she did not do so. Given the motion and lack of amendment, the Magistrate Judge must take the complaint as served. Local Rule 7.01(b) provides that failure to timely respond shall indicate that there is no opposition to the motion. Nevertheless, the Magistrate Judge has reviewed the motion to insure it has merit. On review, the Magistrate Judge is unable to find that the Plaintiff has alleged sufficient facts, as opposed to conclusions, to state a claim against ConServe.

The complaint against the University of Phoenix unfortunately suffers from the same deficiencies in view of the Rule 12(b)(6) motion, as again there was no response or the filing of an amended complaint. The University alleges that the complaint is defective because the Plaintiff fails to allege that the University is a debt collector, as that term is defined under 15 U.S.C. § 1592a. Liberally construed, the Plaintiff does allege that the University attempted to collect a debt. However, the definition section of the FDCPA, 15 U.S.C. § 1692a, provides at Subparagraph 6 that the term "debt collector" does not include a creditor who attempts to collect a debt in its own name. *MacDermid v. Discover Financial Services*, 488 F.3d, 721, 734-35 (6th Cir. 2007.

The complaint itself does not allege whether the debt was sent to ConServe by the Department of Education or to the University. The only agency that is capable of offsetting Social Security benefits is the government itself. A reasonable reading of the actual statements in the complaint show that it is the Department of Education that the Plaintiff seeks relief from. However, it appears that the actual efforts to collect the debt through ConServe were instituted by the Department of Education and not the University of Phoenix. There is certainly nothing in the complaint to indicate that the University of Phoenix used anything other than its own name, if in fact, it made any efforts to collect the debt.

Applying the standard of review set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), to survive a Rule 12(b)(6) motion the complaint must contain "more than labels and conclusions and a formalistic recitation of a cause of action."

In making the recommendation to dismiss these two Defendants, the Magistrate Judge is not unmindful of the harsh result that is visited on an individual whose identity is stolen and misused. The case for the present time will remain pending against the Department of Education (*see* Docket Entry 16).

If the Department of Education files a motion to dismiss, the Plaintiff should remember that under Rule 15 she has a right to amend her complaint to show additional facts. However, a failure to amend or failure to respond to a motion can be fatal to any claims she has. Identify theft is a federal crime and the Plaintiff certainly had and may have the right to make a complaint to the Federal Bureau of Investigation or the Department of Education about the matter. However, criminal prosecutions often become difficult due to the passage of time and may be barred entirely by the statute of limitations.

**RECOMMENDATION**

For the reasons stated above, the Magistrate Judge recommends that the two motions to dismiss for failure to state a cause of action be granted and that these Defendants be dismissed with prejudice, and further that any notice of appeal from such a dismissal not be certified as taken in good faith.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 9th day of November, 2017.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge